UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RSS UBSCM2017-C4 - IL O40, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ONTARIO 401 LLC,<br><br>Defendant. | Case No.: 1:24-cv-10331<br><br>Hon. Edmond E. Chang<br><br><u>Property</u><br>401 West Ontario Street,<br>Chicago, Illinois 60654<br><br>**NON-RESIDENTIAL** |

**ORDER GRANTING SUMMARY JUDGMENT
AND JUDGMENT OF FORECLOSURE AND SALE**

This matter coming before the Court on the Motion for Summary Judgment and Judgment of Foreclosure and Order of Sale (the "<u>Motion</u>"), filed by RSS UBSCM2017-C4 – IL O40, LLC ("<u>Plaintiff</u>" or "<u>Lender</u>") [Dkt. No. 26]. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Statement of Material Facts that accompanied the Motion [Dkt. No. 27]. Due notice having been given, and the Court, being fully advised in the premises, makes the following findings regarding the Motion and the Verified Complaint for Mortgage Foreclosure and Other Relief (the "<u>Verified Complaint</u>") [Dkt. No. 1] filed herein:

I. **JURISDICTION**

    A.    Defendant Ontario 401, LLC ("<u>Borrower</u>"), entered an appearance on October 25, 2024 [Dkt. No. 8] and accepted service as a matter of record before the Court on October 29, 2024 [Dkt. No. 9].

    B.    The Court specifically finds service of process was properly made.

  C. Borrower filed an answer to the Complaint on December 13, 2024.

  D. The Court has jurisdiction over Borrower and the subject matter presented herein.

  E. Because of the filed Answer, Plaintiff filed the Motion seeking summary judgment against Borrower [Dkt. No. 26]. The Motion seeks *in rem* judgment of foreclosure.

## II. EVIDENTIARY FINDINGS

  F. Attached to the Verified Complaint as Exhibit "1" is a copy of that certain Loan Agreement, dated as of September 1, 2017 (as the same may have been amended, extended, consolidated, assigned, or otherwise modified, the "Loan Agreement"), by and between Natixis Real Estate Capital LLC ("Original Lender") and Borrower.

  G. Attached to the Verified Complaint as Exhibit "2" is a copy of that certain Promissory Note dated September 1, 2017 in the original principal amount of $6,425,000 (along with any Allonges affixed thereto as defined below, the "Note").

  H. Attached to the Verified Complaint as Exhibit "3" is a copy that certain Mortgage, Assignment of Leases and Rents and Security Agreement made by Borrower in favor of Original Lender dated as of and recorded with the Cook County Illinois Recorder of Deeds on September 1, 2017 as document number 1724429139 (as amended, restated, replaced, supplemented, substituted and modified from time to time, the "Mortgage").

  I. Attached to the Verified Complaint as Exhibit "4" is a copy of that certain Assignment of Leases and Rents made by Borrower in favor of Original Lender dated as of September 1, 2017 and recorded with the Cook County Illinois Recorder of Deeds on September 1, 2017 as document number 1724429140 (as amended, restated, replaced, supplemented, substituted and modified from time to time, the "ALR").

J.      Attached to the Verified Complaint as Exhibit "5" is a copy of that certain UCC Financing Statement with the Illinois Secretary of State on September 1, 2017 as Filing Number 22680366, and recording such financing statement with the Cook County Recorder of Deeds on September 1, 2017 as Document Number 1724429141 (collectively, the "Original Financing Statement").

K.      Attached to the Verified Complaint as Exhibit "6" is a copy of that certain Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement effective as of October 18, 2017 and recorded with the Cook County Recorder of Deeds on November 21, 2017 as Document Number 1732501051 (the "First Assignment of Mortgage") assigning Original Lender's interest in the Mortgage to Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of UBS Commercial Mortgage Trust 2017-C4, Commercial Mortgage Pass-Through Certificates, Series 2017-C4 (the "Trust").

L.      Attached to the Verified Complaint as Exhibit "7" is a copy of that certain Assignment of Assignment of Leases and Rents effective as of October 18, 2017 and recorded with the Cook County Recorder of Deeds on November 21, 2017 as Document Number 1732501052 (the "First Assignment of ALR") assigning Original Lender's interest in the ALR to the Trust.

M.      Attached to the Verified Complaint as Exhibit "8" is a true and correct copy of that certain General Assignment dated October 18, 2017 executed by Original Lender in favor of the Trust (the "First General Assignment").

N.      Attached to the Verified Complaint as Exhibit "9" is a copy of that certain UCC Financing Statement Amendment, filed with the Illinois Secretary of State on November 27, 2017 as File Number 9513704 and recorded with the Cook County Recorder of Deeds on

December 13, 2017 as Document Number 1734706075, evidencing the assignment of Original Lender's security interest in the Personal Property as perfected by the Original Financing Statement to the Trust (along with a Continuation Statement recorded April 25, 2022 as Document Number 2211525005, the "First Financing Statement Assignment").

O. Original Lender further executed that certain Allonge to the Note dated as of October 18, 2017, incorporated herein transferring Original Lender's interest in the Note to the Trust. (*See* Exhibit 2 of the Verified Complaint.)

P. Attached to the Verified Complaint as Exhibit "10" is a copy of that certain Assignment of Mortgage, Assignment of Leases and Rents and Security Agreement effective as of August 12, 2024 and recorded with the Cook County Recorder of Deeds on September 16, 2024 as Document Number 2426010021 (the "Second Assignment of Mortgage") assigning Trust's interest in the Mortgage to Plaintiff.

Q. Attached to the Verified Complaint as Exhibit "11" is a copy of that certain Assignment of Assignment of Leases and Rents effective as of August 12, 2024 and recorded with the Cook County Recorder of Deeds on August 26, 2024 as Document Number 2423918102 (the "Second Assignment of ALR") assigning Trust's interest in the ALR to Plaintiff.

R. Attached to the Verified Complaint as Exhibit "12" is a copy of that certain UCC Financing Statement, recorded with the Cook County Recorder of Deeds on August 26, 2024 as Document Number 2423918101, evidencing the assignment of the Trust's security interest in the Personal Property as perfected by the Original Financing Statement to Plaintiff (the "Second Financing Statement Assignment").

S. Attached to the Verified Complaint as Exhibit "13" is a true and correct copy of that certain General Assignment dated August 12, 2024 executed by the Trust in favor of Plaintiff (the "Second General Assignment").

T. The Trust further executed that certain Allonge to the Note dated as of August 12, 2024 and incorporated herein, transferring Trust's interest in the Note to Plaintiff. (*See* Exhibit 2 to the Verified Complaint.)

U. Attached to the Verified Complaint as Exhibit "14" is a true and correct copy of several Notices of Default sent by Plaintiff to Borrower informing Borrower of existing defaults.

V. The foregoing documents, and all other agreements and documents evidencing, securing, or otherwise relating to the Loan are collectively referred to herein as the "Loan Documents." Borrower's obligations set forth in the Loan Documents are secured by the Mortgage, Note and other Loan Documents.

W. The aforementioned exhibits and all other exhibits that were made a part of the Motion are admitted into evidence, and any originals presented may be withdrawn.

X. The obligations set forth in the Loan Documents are secured by the Mortgage. The Mortgage encumbers that certain real property commonly known as 401 West Ontario Street, City of Chicago, County of Cook, and State of Illinois, along with certain personal property related therewith (as more specifically described below and in the Mortgage, the "Property") of which Borrower is the record titleholder. The legal description of the Property is attached hereto as **Appendix A**.

Y. In addition to the express allegations of the Verified Complaint, all allegations deemed included by § 15-1504 of the Illinois Mortgage Foreclosure Law are also proved and no further evidence of these allegations is required.

5

Z. Prior to filing the Verified Complaint, several defaults occurred under the Loan Documents, due to Borrower's failure (i) to pay the Monthly Debt Service Payment Amounts for the Payment Dates occurring in April, May, and June 2024; (ii) to comply with the Cash Management Procedures within 30 days' notice of the commencement of a cash management period; and (iii) to provide Plaintiff with certain reports required to be given to Plaintiff under the Loan Documents.

AA. By virtue of the Note and Mortgage, and as established by the Lender Declaration, there is due to Plaintiff as of the date of the filing of the Motion, excluding attorneys' fees, but including interest at the default rate from February 5, 2023, amounts due for failure to provide the referenced reports, other fees and costs including late fees and yield maintenance, and special servicer fees, as follows:

|  | Rialto |
|---|---:|
| Principal Balance | $ 5,934,266.95 |
| Interest | $ 199,880.95 |
| DI | $ 695,095.21 |
| LATE FEES | $ 72,883.80 |
| Special Servicing Fee | $ 115,000.00 |
| Interest on Advances | $ 60,394.28 |
| Liquidation Fee | $ 82,821.35 |
| PPA | $ 198,145.78 |
| Yield Maint. / Prepay | $ 175,722.95 |
| Collection Fees | $ 2,500.00 |
| Tax Advances | $ 745,743.42 |
| Payoff Fee | $ 500.00 |
| Sub-Total | $ 8,282,954.68 |
| Tax Escrow Balance | $ - |
| Insurance Escrow Balance | $ - |
| Reserve Balance | $ 6,587.60 |
| Suspense Balance | $ 5,945.42 |
| Total | $ 8,270,421.66 |

BB. Interest continues to accrue at the default rate of 9.99000%.

CC. Plaintiff is also entitled to add to its damages attorneys' fees and costs associated with the enforcement of the Loan Documents.

DD. Pursuant to the Affidavit of Aaron Davis, attached to the Motion as Exhibit IV, as of April 18, 2025, Plaintiff has incurred attorneys' fees and costs in the enforcement of the Loan Documents in the amount of $216,100.91.

EE. The total amount due including attorneys' fees through the date of the filing of the Motion is not less than **$8,486,522.57**. Collectively, the amounts identified in paragraphs AA through DD and all sums properly due Plaintiff through the sale of the Property, are referred to herein as the "Indebtedness." Plaintiff has a valid and subsisting lien upon the Property in the full amount of the Indebtedness.

FF. The Mortgage constitutes a valid lien upon the Property.

GG. Plaintiff's lien of Mortgage is also prior, paramount and superior to the rights, mortgages, titles, interests, claims, and liens of Borrower and all interests not otherwise excepted to in this Order or by law, to the full extent of the Indebtedness.

HH. By reason of the defaults alleged in the Verified Complaint, the Indebtedness under the Note and other Loan Documents is fully due and payable to Plaintiff.

II. Any and all notices of default or election to declare the Indebtedness under the Note due and payable or other notices required to be given under the Loan Documents have been duly and properly given.

JJ. Any and all periods of grace or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

KK. Consistent with the evidence presented and considered herein, Plaintiff has established its right to foreclose upon the Mortgage and its right to recover from the Property the total Indebtedness due under the Loan Documents together with reasonable attorneys' fees, all interest thereon at the statutory rate after the entry of this Order and additional costs, including Receiver fees, protective advances, publication costs and expenses of sale.

LL. Borrower has waived the right of redemption and reinstatement pursuant to Section 14 of the Mortgage.

MM. Upon entry of the Order, the Property shall be free and clear of all liens and encumbrances except the following encumbrances, which are set forth in order of priority:

    a. All unpaid real estate taxes, including those which have not become due and payable as of the date of this Order, and any easements and restrictions of record, if any; and

    b. The lien of this judgment.

NN. Plaintiff is authorized to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure including, without limitation the generality of the foregoing, filing fees, stenographer's fees, costs of publication, and costs of procuring abstracts of title, foreclosure minutes and a title insurance policy.

OO. Under the terms of the Mortgage, all such advances, costs, fees, expenses, and disbursements constitute a lien secured by the Mortgage upon the Property, and Plaintiff is entitled to recover all such advances, costs, fees, expenses and disbursements, together with interest at the statutory judgment rate, from the date on which such advances are made.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:**

1. Summary judgment is granted in favor of Plaintiff and against Borrower on the issue of Borrower's liability *in rem* to Plaintiff in the total amount of the Indebtedness.

2. Judgment of foreclosure and sale is granted *in rem* as provided herein.

3. Such judgment shall be in the amount of the Indebtedness and shall also include interest thereon at the contract rate from the date of this Order, plus additional attorneys' fees and costs through the date of the sale described herein, and costs and fees incurred in bringing the property to sale, and advances made consistent with this Order.

4. The Property shall be sold to satisfy the Indebtedness due to Plaintiff as set forth in this Order by public sale or by other means.

5. If sold by public sale, Plaintiff is granted the sole right to organize, schedule and give direction to the Selling Officer (as defined below) to conduct or continue the sale, without further order of the Court.

6. Pursuant to 735 ILCS 5/15-1506(i)(1), all claims of Plaintiff against Borrower and the Property are hereby secured by a judgment lien on the Property, which lien shall have the same priority as the claims to which this judgment relates and shall be terminated upon confirmation of the sale. Prior to the sale, the judgment lien shall be assignable by the Plaintiff to the same extent as that provided under the terms of the Mortgage and the Loan Documents.

7. In the event of such sale, Borrower, and all persons claiming by, through or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the Property.

8. The Property shall be sold free and clear of all liens and encumbrances, except for all unpaid real estate taxes and any easements and restrictions of record.

9. If sold by public sale, after notice of the sale is made in accordance with the provisions of 735 ILCS 5/15-1507(c), the Property shall be sold to the highest bidder for cash at a public auction conducted by the Judicial Sales Corporation (the "Selling Officer").

10. If sold by public sale, the notice of sale shall include all information as stated in 735 ILCS 5/15-1507(c) parts (A)-(H) where such information is available to Plaintiff or counsel for Plaintiff. Immaterial error in the information shall not invalidate the legal effect of the notice.

11. If sold by public sale, in the event that Plaintiff fails to provide the Selling Officer with its initial bid, then the Selling Officer shall continue the sale to a date as mutually agreed upon by the Selling Officer, and Plaintiff's counsel and in compliance with 735 ILCS 5/15-1507(c)(4). If the sale is erroneously held without Plaintiff providing its initial bid, then Plaintiff shall have the option to have the sale vacated and held for naught.

12. If sold by public sale, all sums due by a successful bidder are due at the time of sale unless other terms are agreed to by the Plaintiff.

13. Plaintiff shall have the right to bid for the Property at the public sale, if any, and has the right to set the initial bid. Plaintiff shall be entitled to "credit bid" and offset against the purchase price of such Property the amounts due under this Order as well as the order confirming the sale of the Property to the full extent of its priority.

14. If sold by public sale, any purchaser at such sale takes subject to any and all liens, encumbrances and existing defects in title not otherwise cleared by this Order.

15. Whether by public sale or otherwise, Plaintiff shall not be responsible for any damages resulting from existing liens, encumbrances or title defects nor makes any warranties, either express or implied, by virtue of a sale.

16. If sold by public sale, after notice of the sale is given as required by statute, a copy thereof shall be filed in the Office of the Clerk of this Court together with a certificate of counsel or other proof that notice has been served in compliance with this Order.

17. If sold by public sale, the person named in the notice of sale to be contacted for information about the Property may, but shall not be required to, provide additional information other than that set forth in the notice of sale.

18. If sold by public sale, upon and at the sale of the Property, the Selling Officer shall give to the purchaser(s) a receipt of sale. The receipt shall describe the Property purchased and shall allow the amount bid, the amount paid, the total amount paid to date and the amount still to be paid therefore. An additional receipt shall be given at the time of each subsequent payment, if applicable.

19. If sold by public sale, upon payment in full of the amount bid, the Selling Officer shall issue, in duplicate, and give to the purchaser(s), a certificate of sale. The certificate of sale shall be in a recordable form, describe the Property purchased, indicate the date and place of sale and show the amount paid therefor. The certificate of sale shall further indicate that it is subject to confirmation by the Court. The duplicate certificate may be recorded in accordance with statutory provisions. The certificate of sale shall be freely assignable by endorsement thereon.

20. If sold by public sale, any bid at sale shall be deemed to include, without the necessity of a court order, interest at the statutory judgment rate on any unpaid portion of the sale price from the date of sale to the date of payment.

21. If sold by public sale, upon or after confirmation of the sale and payment of the purchase price and any other amounts required to be paid by the purchaser(s) at sale, the Selling Officer shall, upon the request of the holder(s) of the certificate of sale (or the purchaser(s), if no certificate of sale was issued), promptly execute a deed to the holder(s) of the certificate of sale (or purchaser(s)) sufficient to convey title. Such deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature, and the

recital in the deed of the title of the authority to this Order, and of the giving of the notice required by the Illinois Mortgage Foreclosure Law shall be sufficient proof of the facts recited and of such authority to execute the deed, but such deed shall not be construed to contain any covenant on the part of the person executing it. If the deed issues to a grantee prior to the expiration of the period for appealing the confirmation of sale, and the grantee conveys title to another party within that period, that other party will not be deemed a bona fide purchaser unless and until such period expires without an appeal having been filed or, an appeal having been filed, such is denied or withdrawn.

22. If Plaintiff, in its sole discretion, chooses to sell the Property by means other than by public sale, or if Plaintiff utilizes the Receiver to sale the Property, any such sale shall be subject to the provisions of the Receiver Order regarding such sale.

23. Delivery of the deed executed on the sale of the Property, whether by public sale or otherwise, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass title thereto.

24. Such a conveyance by deed shall be an entire bar of all claims of the parties of this foreclosure against the Property, including, but not limited to, those of Borrower.

25. The purchaser shall have immediate possession of the Property upon such conveyance by deed. Borrower has waived the right of redemption and/or reinstatement.

26. The proceeds resulting from any sale ordered herein (the "Sale Proceeds") shall be applied in the following order:

    a. To the Selling Officer, Receiver, or other entity utilized by Plaintiff to sell the Property for their costs and fees;

    b. To Plaintiff for any reasonable expenses of sale;

    c. To Plaintiff for the Indebtedness;

      d.      Any surplus Sale Proceeds shall be remitted to the Selling Officer, if applicable, or the Court and held until further order of the Court. If the Selling Officer or other entity is in possession of any surplus amounts, the Selling Officer or other such entity shall send written notice to all parties to the proceeding advising them of the amount of the surplus and that the surplus shall be held until a party obtains an order of Court for its distribution or until, in the absence of an order, the surplus is forfeited to the State of Illinois.

27.    Borrower has no right to homestead or other exemptions in the Property against Plaintiff.

28.    A copy of this Order shall be mailed to the Borrower at its last known address within seven (7) days.

29.    The Court retains jurisdiction over the subject matter of this action and all parties hereto for the purpose of determining and enforcing this Order and confirming the sale.

30.    The Court finds that there is no just cause for delay in the enforcement of or appeal from this final Order.

**SO ORDERED**:

DATED: 05/28/2025

_Edmond E. Chang_
Hon. Edmond E. Chang
UNITED STATES DISTRICT COURT

13